GARRISON, Judge.
This is an appeal from a judgment of the district court rendered in accordance with a commissioner’s report, granting judgment in favor of plaintiff Joyce Elms Benchabbat and awarding damages in the amount of $5,850.00 plus legal interest and attorneys fees, due to a breach of a lease between plaintiff and defendant, Fidelity Acceptance Corporation d/b/a Courtesy Financial Services, Inc. From that judgment, which we affirm, defendant appeals.
On March 22, 1979 plaintiff and defendant entered into a lease commencing April 1, 1979 and terminating March 31, 1980 for the sum of $450.00 a month for the leased premises at 4305 Canal Street, New Orleans. The lease further contained the following typewritten addition:
“165 Lessor hereby grants Lessee an option to renew this lease
166 for an additional one (1) year period under the same terms
167 and conditions as stated herein. Said renewal shall be
168 automatic unless Lessee notifies Lessor in writing and by
169 certified mail of its intent ninety (90) days prior to the
170 expiration of the primary lease term.”
Ronald West, the manager of Fidelity, testified that he had mailed written certified notice of lessee’s intent not to renew the lease on the last day of December of the preceding year; however, he was unable to produce either a copy of the letter or a certified mail receipt. Mr. West did produce letters and receipts for similar correspondence dated January 28, 1980 and February 4, 1980. Those letters, however, are not timely under the lease provisions. The commissioner found that due to the lack of timely notice the lease had been automatically renewed for the term April 1, 1980— March 31, 1981 and awarded $450.00/month rent for that period plus $450.00 rent for the month of March 1-31, 1980, which rent had not been paid.
*400 Appellant further argues that the trial court erred in finding that the lease was renewed because it failed to apply the rule of construction construing the clause in favor of the lessee. We do not agree with this argument. The rule applies where there is an ambiguity in the clause at issue. In the instant case, there is no ambiguity in dispute; the instant case deals solely with the question of proof and evidence presented at trial. Defendant just failed to prove timely notice.
Lastly, defendants argue that the commissioner “sat” on his report for a year and a half and that defendant should not have to pay a year and a half’s legal interest due to the commissioner’s lack of diligence. The record in the instant appeal indicates the date of the hearing as March 30,1981, the date the commissioner’s report was issued as July 23, 1982, and the date the judgment was rendered as October 15, 1982. The record does not indicate, however, any reasons for the delay or whether the delay in question is a normal one. This court feels that in the instant case such evidence would be necessary.
The court notes that it is the general custom of the Civil District Court for the Parish of Orleans to assign to a commissioner complex multi-party litigation requiring a great deal of trial time. The instant case, however, required only one day in which to present all testimony. There may be, however, another reason why Commissioner Ve-sich was assigned in the instant case — perhaps there was an illness or vacancy on the bench at that time. The point is that this court simply does not know and has no evidence pertaining thereto.
Defendant’s remedy on this argument lies not in the instant appeal, but rather defendant has the option of filing a misfeasance/malfeasance action against the commissioner or of bringing this matter to the attention of the Judiciary Commission or other appropriate state or federal authorities.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.